FILED _____ LODGED
RECEIVED _____ COPY

**JAN 1 4 2015**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**Occupy Public Land**
**3054 N. Edith Bvld.**
**Tucson, Ariz. 85716**
John Thomas Cooper, Jr.
Executive Organizer
Secretarial Working Group
E-Mail: southwestrecords@gmail.com
Phone: (520) 272-9070

**Occupy Public Land**
**3054 N. Edith Bvld.**
**Tucson, Ariz. 85716**
Jon McLane
Chief Executive Organizer
Field Outreach Working Group
E-Mail: jonathanmclane@yahoo.com
Phone: (520) 329-9192

# CV15-0013 TUC JAS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

JON MCLANE;
JOHN THOMAS COOPER, JR,

        Plaintiffs,

    vs.

CITY OF TUCSON; MARTHA DURKIN; KELLY
GOTTSCHALK; CHRISTOPHER HALE; AARON HASSINGER;
MARCOS CASTRO; FRED GRAY; MIKE HAYES; PEG WEBER;
JOHN SEDWICK; CONNIE LAUTH; DONNA DIFIORE; SCOTT
CUMMINGS; DANIEL MATLICK; LIZZIE MEAD; SHANNON
RIGGS; TOM CLARK; DELMA ALLEN (#40736); TUCSON
POLICE OFFICER DELLINGER (#31909); SHARON ALLEN;
MARK TIMPF; JIM WEBB; JIM RIZZI; GERALD TEAGUE;
CLAUDETTE GROSS; LEE MCNITT,

    Defendants.

Case No.:

**CIVIL RIGHTS ACTION**

**(Jury Trial Demanded)**

## VERIFIED COMPLAINT

Plaintiffs—*in propria persona*—state for their Verified Complaint the following under penalty of perjury:

-1-

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

# INTRODUCTION

I). This is an action pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief and monetary damages to redress the unconstitutional denial of Plaintiffs' rights to free speech, expression, and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution; and Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution to due process, equal protection, the right to travel and to be free of unreasonable searches and seizures.

II). The City of Tucson engages in a pattern or practice of taking action against homeless citizens for First Amendment activity in violation of the First, Fourth and Fourteenth Amendments. This pattern is manifest in a range of ways, including:

- The unnecessary and excessive application of statutes or ordinances to prevent or obstruct activity that is protected by the First and Fourteenth Amendments;

- The unnecessary, excessive or retaliatory use of police powers, such as detention, "running" an individual's name through ACIC/FCIC, handcuffing, or otherwise interfering with an individual's right to travel after that individual exercised First and Fourteenth Amendment rights in the presence of City officials;

- Excessive force or threats of the use of such force against persons who are exercising First and Fourteenth Amendment rights;

- The employment of poor tactics and policies that place officials in situations where constitutional violations become inevitable and place officials and civilians at unnecessary risk.

III). In continuing these actions, Defendants are violating Plaintiffs' First, Fourth, and Fourteenth Amendment rights and chilling their present and future

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

exercise of these rights. Judicial intervention is required to end Defendants' ongoing interference with Plaintiffs' freedom of speech, right to travel, and retaliation against Plaintiffs for exercising their First Amendment rights; and to prevent the ongoing irreparable harms to Plaintiffs resulting from these Constitutional violations.

## JURISDICTION

1). This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (in that they arise under the Constitution of the United States), § 1343(a)(3) (in that they are brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution), § 1343 (in that they seek to secure equitable relief under 42 U.S.C. § 1983), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2). Venue is proper under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Pima County, in the State and District of Arizona.

3). This Court has the authority to grant damages, declaratory and injunctive relief, and any other appropriate relief pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## PARTIES

4). Plaintiff John Thomas Cooper, Jr., is a natural citizen of the United States and of the State of Arizona, currently residing in the City of Tucson, in the County of Pima. Plaintiff Cooper is currently homeless, with a physical address of

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

99 South Church Ave., Tucson, Ariz. 85701. Plaintiff's mailing address is 3054 N. Edith Bvld., Tucson, Ariz. 85716. Plaintiff was a resident of Arizona during all relevant times to this action.

5). Plaintiff Jon McLane, is a natural citizen of the United States and of the State of Arizona, currently residing in the City of Tucson, in the County of Pima. Plaintiff McLane is currently homeless, with a physical address of 99 South Church Ave., Tucson, Ariz. 85701. Plaintiff's mailing address is 3054 N. Edith Bvld., Tucson, Ariz. 85716. Plaintiff was a resident of Arizona during all relevant times to this action.

5). Defendant Fred Gray, Jr., who is a natural person was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was the Director of the Tucson Parks and Recreation Department all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of park policies, procedures, and practices in the City of Tucson.

7). Defendant Mike Hayes, who is a natural person was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was the Deputy Director of the Tucson Parks and Recreation Department all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of park policies, procedures, and practices in the City of Tucson.

8). Defendant Peggy Weber, who is a natural person was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Administrator of the Tucson Parks and Recreation Department all times relevant

-4-

to this Complaint. She is and has been responsible for the promulgation and implementation of park policies, procedures, and practices in the City of Tucson.

9). Defendant Martha Durkin, who is a natural person was a resident of the City of Tucson, Pima County, Arizona, United States of America; and the City Manager of the City of Tucson, at all times relevant to this Complaint. She is responsible for the overall management of the Tucson City Government. She is also responsible for the oversight and policy management of the Tucson City Court.

10). Defendant Kelly Gottschalk, who is a natural person was a resident of the City of Tucson, Pima County, Arizona, United States of America; and is the duly-appointed Finance Director and Assistant City Manager of the City of Tucson, at all times relevant to this Complaint. She is responsible for the overall management of the Finance and Support Services Department of the Office of the Tucson City Manager. She is also responsible for the oversight and policy management of the Tucson Police and Parks Departments.

11). Defendant Christopher Hale, who is a natural person was a resident of the City of Tucson, Pima County, Arizona, United States of America; and is the duly-appointed Court Administrator for the Tucson City Court, at all times relevant to this Complaint. He is also responsible for the oversight and policy management of the Tucson City Court, and is a direct subordinate of Defendant Durkin.

12). Defendant Sharon Allen, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was the Chief of the Tucson Police Department at all times relevant to this Complaint. She is and has been responsible for the promulgation and implementation of legal

-5-

enforcement policies, procedures, and practices in the City of Tucson. She is also responsible for the oversight and policy management of the Tucson Police Department.

13). Defendant Jim Webb, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was a Captain in the Tucson Police Department at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson. He is also responsible for the oversight and policy management of the Operations Division Downtown of the Tucson Police Department. He is commander of the Operations Division Downtown, the staff of which includes a secretary, two lieutenants, six sergeants, approximately fifty officers, one detective, a criminal intelligence officer, three marshals, and four community service officers. Additionally, three motorcycle officers are assigned from the Traffic Section to assist with traffic problems in the division.

14). Defendant Mark Timpf, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Assistant Chief of the Tucson Police Department at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson. He is commander of the Administrative Services Bureau, responsible for the administrative decisions concerning application of City Code by all Field Officers, to include the Operations Division Downtown. He is also responsible for the development and implementation of training procedures and police policies to give guidance to field officers concerning the applicability of the Constitution of the United States to field operations.

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

15). Defendant Lee McNitt, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America, and was a Lieutenant in the Tucson Police department at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson. He is one of two (2) lieutenants for the Operations Division Downtown, and a direct subordinate of Defendant Webb.

16). Defendant Jim Rizzi, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Captain of the Tucson Police Department at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson. He is the Captain of the Training Division, responsible for the development and implementation of training procedures and police policies to give guidance to field officers concerning the applicability of the Constitution of the United States to field operations.  He is a direct subordinate of Defendant Timpf.

17). Defendant Gerald Teague, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Lieutenant of the Tucson Police Department at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson. He is the Lieutenant of the Training Division, Southern Arizona Law Enforcement Training Center, responsible for the development and implementation of training procedures and police policies to give guidance to field officers concerning the applicability of the Constitution of the United States to field operations.  He is a direct subordinate of Defendant Rizzi.

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

18). Defendant Claudette Gross, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Lieutenant of the Tucson Police Department at all times relevant to this Complaint. She is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson. She is the Lieutenant of the Training Division, Advanced Training, responsible for the development and implementation of training procedures and police policies to give guidance to field officers concerning the applicability of the Constitution of the United States to field operations. She is a direct subordinate of Defendant Rizzi.

19). Defendant Delma Allen (#40736), who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Lieutenant of the Tucson Police Department at all times relevant to this Complaint. She is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson.

20). Defendant Officer Dellinger (#31909), who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an Lieutenant of the Tucson Police Department at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of legal enforcement policies, procedures, and practices in the City of Tucson.

21). Defendant Aaron Hassinger, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an employee of the Tucson Parks and Recreation Department at all times relevant to

-8-

this Complaint. He is and has been responsible for the implementation of policies, procedures, and practices of the Tucson Parks and Recreation Department.

22). Defendant Marcos Castro, who is a natural person, was a resident of the City of Tucson, Pima County, Arizona, United States of America; and was an employee of the Tucson Parks and Recreation Department at all times relevant to this Complaint. He is and has been responsible for the implementation of policies, procedures, and practices of the Tucson Parks and Recreation Department.

23). Defendants John Sedwick, Connie Lauth, Donna Difiore, Scott Cummings, Daniel Matlick, Lizzie Mead, Shannon Riggs, and Tom Clark, who are natural persons, were residents of the City of Tucson, Pima County, Arizona, United States of America; and were top level employees and board members of the North Fourth Avenue Merchants Association at all times relevant to this Complaint. They are and have been responsible for the implementation of policies, procedures, and practices of the North Fourth Avenue Merchants Association.

24). Defendant City of Tucson, is a Municipal Corporation, organized under the laws of the State of Arizona. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees; and for any injury occasioned thereby.

25). Plaintiffs sue all Defendants in their official and individual capacities.

26). At all times material to this Complaint, Defendants acted toward Plaintiffs under color of the statutes, ordinances, customs, and usage of the State

-9-

of Arizona; the Tucson Police Department; and the Tucson Parks and Recreation Department, and the City of Tucson.

## FACTUAL ALLEGATIONS

### Unnecessary, Excessive or Retaliatory Actions Against Plaintiffs

27). On July 1st, 2014, Defendants Hassinger and Castro accosted Plaintiff McLane at Veinte De Agosto Park (VDA) concerning protest signs Plaintiff McLane had made protesting the actions of Tucson City officials—to include Defendants Hassinger and Castro—in confiscating the property of homeless individuals when that individual was not physically present and laying claim to the property at the time of the government sweep.

28). Defendants Hassinger and Castro confiscated Plaintiff McLane's protest signs and threatened Plaintiff McLane with physical violence in their anger over Plaintiff McLane's exercise of First Amendment rights.

29). On August 29th, 2014, Plaintiff Cooper was at Veinte De Agosto Park (VDA) and witnessed Defendants Hassinger and Castro confiscating property that Plaintiff McLane temporarily left on the sidewalk to the east of VDA Park. Plaintiff Cooper was aware of and suspected that Defendants Hassinger and Castro would attempt to confiscate the property as Plaintiffs had previous encounters with these Defendants, who had shown a propensity to accost Plaintiffs' for exercising First Amendment rights on the sidewalk.

30). Plaintiff Cooper confronted the officials and requested their names for complaint purposes. Plaintiff stated that he was going to notify the Government

-10-

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

about the continued harassment of homeless individuals by Parks and Recreation staff.

31). When Defendant Hassinger failed to provide his name and employee information, Plaintiff Cooper proceeded to protest the governmental action by yelling such slogans as "who do you work for? You are a public servant, we are the public, you work for us!" This continued for approximately five (5) minutes; after which Plaintiff Cooper called the City Manager's Office via cell phone to attempt to complain about the incident.

32). The City Manager's office transferred Plaintiff Cooper's call to the Parks and Recreation's Administrative Offices for procurement of the names of the Park officials.

33). During this time, Defendant Hassinger called the police, and Defendants Delma Allen and Dellinger responded. Defendants Delma Allen and Dellinger arrested Plaintiff Cooper for a violation of A.R.S §13-2921, Harassment; and A.R.S. §13-2904, Disorderly conduct.

34). Defendants Delma Allen and Dellinger and several employees of the City Attorney's Office informed Plaintiff Cooper that the First Amendment does not apply to verbal statements directed at Park and Recreation groundskeepers, and that as Plaintiff Cooper's "behavior was not part of any lawful demonstration, assembly, or protest" (this term was never defined), the City could bar Plaintiff Cooper from exercising his First Amendment rights.

35). After a trial on the merits in the Tucson City Court, Plaintiff Cooper was found not guilty.

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

## Failure to Take Action Against Officials for
## Employing Unnecessary, Excessive or Retaliatory Actions

36). In response to the actions taken against Plaintiff McLane mentioned in ¶¶26-28, Plaintiff Cooper wrote an E-Mail seeking redress of the issue to the heads of Tucson City Government on July 3, 2014, to include Defendants Webb; Gray; Weber; Hayes; Durkin; and Sharon Allen, among others.

37). In the E-Mail, Plaintiff Cooper attached a video of the behavior of Defendants' Hassinger and Castro on July 1st, 2014, confiscating Plaintiff McLane's protest signs and threatening Plaintiff McLane with physical violence in their anger over Plaintiff McLane's exercise of First Amendment rights. Plaintiff Cooper stated:

> Attached please find a copy of the video of several members of the Parks and Rec. Dept. harassing Jon McLane. These actions were illegal and a violation of the Federal Constitution. The City officials depicted here failed to respect "the constitutional shield [that protects] criticism of official conduct." *New York Times Co. v. Sullivan*, 376 U.S. 254, 273, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

38). On the video, Defendants Hassinger and Castro are depicted threatening Plaintiff McLane with violence in retaliation for the posting of protest signs because Defendants Hassinger and Castro did not agree with the message expressed thereon.

39). Even after being put on notice of the constitutional violation and the patent potential of Defendants Hassinger and Castro to engage in behavior which violates the Constitution, Defendants Webb; Gray; Weber; Hayes; Durkin; and Sharon Allen took no action to prevent Defendants Hassinger and Castro from taking further action against Plaintiffs or others similarly situated.

-12-

40). The failure of Defendants Webb; Gray; Weber; Hayes; Durkin; and Sharon Allen to take action to correct the actions of Defendants Hassinger and Castro is the direct and proximate cause of the incident mentioned in ¶¶ 28-33, as these Defendants were notified over two months in advance that Defendants Hassinger and Castro were harassing homeless people and taking action against Plaintiffs for the exercise of First Amendment rights.

### Lack of Policy, Training, and Procedures Designed to Prevent Constitutional Violations

41). On information and belief, Defendant City of Tucson has no policy or procedure in place to discipline City officials for violations of constitutional rights, and routinely ignores citizen complaints if those complaints are based on constitutional violations.

42). On information and belief, Defendant City of Tucson has no policy of providing training or policy guidance to City officials concerning First Amendment freedoms, and has a pervasive custom of officials maintaining the official stance of "sue us if you think the constitution is an issue."

43). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, and Gross have a policy and practice of training police and other City officials that the First Amendment only protects citizens engaged in what these Defendants have described as "lawful demonstration, assembly, or protest" (this term is not defined), and even then only applies to verbal statements directed at police. These Defendants' vague unwritten policy does not include specific criteria or conditions for persons seeking to engage in First Amendment activities, nor instructions concerning the

-13-

applicability of the First Amendment to the actions of law enforcement or City personnel.

44). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, and Gross are aware of and condone the actions taken to restrict First Amendment activities, including the harassment, intimidation, and retaliatory acts City officials have directed at Plaintiffs, and have taken no action to lift those restrictions or to prevent future harassment, intimidation, and retaliatory acts from being directed at Plaintiffs.

45). By failing to provide proper training and policy guidance concerning the applicability of the First Amendment to governmental action against citizens, and by defining First Amendment protections as applicable only to large groups of citizens engaged in what these Defendants have described as "lawful demonstration, assembly, or protest," Defendants' actions have chilled, deterred, and infringed upon Plaintiffs' right to engage in protected speech, resulting in harm to Plaintiffs.

46). The acts, omissions, policies, customs, and/or practices of all Defendants are causing irreparable harm to Plaintiffs due to interference with and chilling of their First Amendment rights to protest and/or record governmental action from public right-of-ways, for which they have no adequate remedy at law.

47). An actual and immediate controversy has arisen and now exists between Plaintiffs and Defendants regarding Plaintiffs' ability to exercise First Amendment rights to protest, observe, and/or record governmental action from public right-of-ways. Plaintiffs are entitled to a declaration of rights with respect to this controversy. Without such a declaration, Plaintiffs will be uncertain of their

-14-

rights and responsibilities under the law, and Defendants will be free to continue their application of a custom which bars individuals from engaging in protected activity unless in a group or unless the activity is directed at police officers.

### Systemic Due Process Violations in the Courts

48). Defendants Hale, Durkin, and the City of Tucson maintain a policy of charging fees for disclosure in criminal cases. The City's website reports:

> Paper copies of police reports and copies of CDs/DVDs will be available for pick-up at the City Prosecutor's Office on the 5th floor of the City Court Building. The charges are as follows:
>
>       15 pages or less = $5
>       Each additional 1-15 pages = $5.00
>       For example:
>       Disclosure of 1 to 15 pages = $5.00
>       Disclosure of 16 to 30 pages = $10.00
>       Disclosure of 31 to 45 pages = $15.00, etc.
>       CDs / DVDs = $25
>       Labor Charges after 1 hour (per hour) = $15.

http://courts.tucsonaz.gov/prosecutor/obtaining-police-reports-disclosure, website last visited 1/1/2015.

49). Plaintiffs are homeless and have no money with which to pay for the disclosures necessary for them to litigate criminal court actions and defend themselves. Plaintiffs are at a serious disadvantage in any criminal litigation in the Tucson City Court, unable to marshal the facts and prepare a defense without the prepayment of fees.

50). For example, as stated above at ¶¶ 28-33, Plaintiff Cooper was arrested by Defendants Delma Allen and Dellinger on August 29th. During the course of the litigation in the Tucson City Court, the City denied Plaintiff Cooper's request

-15-

for *Brady* disclosures in the criminal case on the basis of this policy of Defendants Hale and Durkin.

51). On September 2nd, 2014, Plaintiff Cooper filed his Rule 15.2 Disclosure Notice, in which he made two specific requests for disclosure from the City. Plaintiff Cooper stated:

> [Plaintiff Cooper], pursuant to Rule 15.1 (e) of the Arizona Rules of Criminal Procedure, hereby specifically requests that the State disclose all prior felony convictions of all State's witnesses along with a list of any prior felony convictions that the State intends to use to impeach any defense witnesses.

> [Plaintiff Cooper], pursuant to Rule 15.1 (f) of the Arizona Rules of Criminal Procedure, hereby specifically requests that the State make available to [Plaintiff Cooper] for examination, testing and reproduction, all items disclosed by the State pursuant to Rule 15.1(a)(5) along with recordings of all 911 calls and radio transmissions between any law enforcement officers relevant to the case, and all written reports statements and examination notes made by any state's experts disclosed pursuant to Rule 15.1(b)(4).

Rule 15.2 Disclosure Notice, p. 6.

52). In addition, Plaintiff Cooper sent a letter to the City Attorney on September 2nd, requesting a host of discoverable information. In the letter, Plaintiff Cooper requested as follows:

> I am hereby requesting interviews with all State's witnesses and disclosure including names, addresses, telephone numbers and any statements of all the State's witnesses, experts and investigators.

> Please provide me with copies of all audio and/or video tapes that were made of myself, this incident, or any accounts/recreations thereof. In addition, at the time of this incident, I made several phone

-16-

calls to the City Manager's Office and the Parks and Recreation Administration in an attempt to submit a complaint concerning the conduct of government officials—specifically Parks and Recreation officials. I am hereby requesting that you provide me with a copy of any and all documentation produced by the government in connection with my calls. In addition, I am requesting any and all documentation submitted to the Court on August 29th, 2014, which was considered by the judge in this matter to include the complaint and any supporting documentation, to include request made by the arresting officers.

I am requesting a criminal and disciplinary history of all witnesses, whether admissible or not. Additionally, I am requesting discovery of any and all offers, promises inducements, and representations including but not limited to promises of no prosecution, immunity, lesser sentence, etc. made to witnesses in exchange for their testimony. Please provide me with any 609 or 404(b) evidence you may seek to introduce at trial. Regarding any 404(b) evidence, please include what noncharacter purpose the evidence is offered for as well as its relevance.

Pursuant to these Constitutional and ethical duties, I specifically request that, in addition to examining your own knowledge and files for evidence favorable to my case, you also make specific and detailed inquiry of all investigating agencies and officers involved in this matter in any way to determine if they are aware of any exculpatory or impeachment information involving any witness which may be helpful to my case.

Pursuant to my request, I have enclosed a checklist containing questions regarding some of the information I am seeking. I request that you ask each investigating officer to review the checklist and sign the affirmation at the bottom that he or she is not aware of any such information. Further, I request you return the completed checklist to my office as soon as possible as a supplemental Rule 15 disclosure. Additionally, please consider this a formal request to run an ACJIS background check on all witnesses the State intends to call in this matter and disclose all resulting impeachment and exculpatory information.

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

> All the information on the checklist is believed to come within the prosecutor's duty to investigate and disclose pursuant to *Brady* as interpreted by *Kyles* as well as the prosecutor's duty pursuant to the Rules of the Supreme Court, Rule 42, ER 3.8(d).

Plaintiff Cooper's Letter to City Attorney Dated 9/2/2014, at pp. 1-3

53). This denial of *Brady* disclosures put Plaintiff Cooper at disadvantage in the criminal litigation as it made it impossible to impeach the testimony of Defendants Delma Allen, Dellinger, Hassinger and Castro with prior bad acts, felony convictions, or City disciplinary action taken against these Defendants.

54). This denial of *Brady* disclosures created undue interference with Plaintiff Cooper's ability to pursue legal redress for claims that had a reasonable basis in law or fact, and hindered Plaintiff Cooper's efforts to pursue his legal claims.

55). Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, and Hale also maintain a policy of zoning homeless individuals from any area of the City where that individual has been arrested, without a hearing and in the absence of any individualized judicial consideration.

56). For example, as stated above at ¶¶ 28-33, Plaintiff Cooper was arrested by Defendants Delma Allen and Dellinger on August 29th. At the initial appearance also held on August 29th, Defendant Delma Allen requested, and the Tucson City Court granted, an order barring Plaintiff Cooper from returning within 1000 feet of the VDA Park.

57). Plaintiff Cooper had not been convicted of any crime, and there was no evidence to suggest that ordering him not to return to the park would have any

-18-

deterrent effect on future criminal activity. Yet the Tucson City Court, without a hearing and in the absence of any individualized judicial consideration, issued an order requiring unjustified burdens on Plaintiff Cooper—*a pretrial releasee*—without evidence that he posed any risks. Indeed, Judge Klotz stated to Plaintiff Cooper from the bench that the "City has a custom of ordering arrested individuals not to return" to the area of arrest without any showing of future risk.

58). The Court's order had no basis in objective evidence and lacked any analysis to support the order barring the return to the area, and wholly failed to provide a determination that absent an order barring return that more criminal activity would occur.

59). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen, Dellinger and Hale are aware of and condone the mandatory imposition of pretrial release conditions to restrict the homeless' right to travel, including the order barring Plaintiff Cooper from returning to the area of VDA Park, and have taken no action to prevent future issuance of mandatory homeless zoning orders.

60). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen, Dellinger and Hale are aware of and actively promote the mandatory imposition of pretrial release conditions zoning homeless individuals from areas where individuals have been arrested, as a method of clearing unwanted individuals from areas of the city.

61). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen,

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

Dellinger and Hale have no rational governmental basis to justify the blanket policy of mandatory imposition of pretrial release conditions zoning homeless pretrial releasees from the areas where they were previously arrested, nor a basis to distinguish between persons charged with a crime and those who are not.

### Laws and Ordinances Enacted Specifically to Discriminate Against the Homeless

62). On March 4, 1996, the Tucson City Council, in a 4-3 vote, passed Resolution Number SS/MARCH4-96-102, entitled "A-Mountain Homeless Campground and Other Homeless Encampments (City-Wide)." The Resolution provided:

> 1. That the Community Services Department, in coordination with other appropriate City departments, work with persons currently camping on City property to inform them of all sources available to assist them in finding employment and housing.

> 2. That appropriate City officials provide a minimum of 72 hours' notice to persons illegally camping on City property that they will need to vacate that property or else face enforcement action.

> 3. That after the City has provided notice, and if individuals do not vacate City property on which they are illegally camping, that the Tucson Police Department take appropriate enforcement action for violation of the State trespassing statutes.

63). Since 1996, Defendant City of Tucson has embarked upon an all-out assault on the homeless individual. Defendant City has enacted a laundry list of anti-homeless laws and customs barring behavior such as: Closure of public places the homeless frequently visit; construction of statutes prohibiting obstruction of sidewalks/public places to bar the carry or temporary storage of personal property, or the laying of one's body in a public place; strict enforcement

-20-

of loitering/loafing in public places; denying individuals the right to sit or lay down on sidewalks or in other public places; denying individuals the right to sleep in public places; strict enforcement of City park curfews against individuals who patently appear homeless; prohibiting panhandling or begging in public areas where such activity is most lucrative; and making basic human functions such as bathing, urinating and defecating in public a criminal offense while utterly failing to provide a public means for individuals without homes to comply with the law.

64). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber and Hayes are aware of and condone the imposition of anti-homeless laws and customs to restrict the homeless' right to travel into the jurisdiction, and have taken no action to prevent the violation of Plaintiffs right to travel.

65). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber and Hayes condone and support these ordinances to erect direct barriers to travel, to impede travel, and to penalize migration of indigent individuals into the jurisdiction.

66). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber and Hayes condone and support ordinances that proscribe public sleeping and are aimed solely at homeless "transients", and not at the act of public sleeping.

67). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber and Hayes maintain this custom of prohibiting sleeping not because of any evil

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

associated with the conduct itself, but rather to elevate concerns regarding the homeless by business owners and wealthy citizens—called "stake holders" by Defendants.

68). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber and Hayes are aware of the overwhelmingly disproportionate effect such laws have on Plaintiffs and others similarly situated. Because few people who have access to safe, sanitary shelter regularly sleep in outdoor public areas, the vast majority of those arrested are homeless. These Defendants know this, and have failed to take action to mitigate the disproportionate effect of these laws on Plaintiffs.

69). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber and Hayes are aware of and condone the application of laws making basic human functions such as bathing, urinating and defecating in public a criminal offense, and utterly fail to provide a public means for individuals without homes to comply with the law; for the sole purpose of encouraging indigent individuals currently living in the jurisdiction to leave the City of Tucson.

70). As a result of Defendants' custom, Plaintiffs' and the other 8,000 homeless who live in the City of Tucson face a daily "Hobson's choice": they must exclude themselves from the jurisdiction or face arrest and prosecution for violating its antihomeless ordinance. Plaintiffs' are forced to live as criminals, violating Defendant's antihomeless ordinance whenever they succumb to the need to sleep, bath, urinate or defecate. This barrier effectively prevents Plaintiffs' from

-22-

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

entering or remaining in the jurisdiction for longer than they can remain awake, clean, and without need of restroom services.

71). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber, Hayes, John Sedwick, Connie Lauth, Donna Difiore, Scott Cummings, Daniel Matlick, Lizzie Mead, Shannon Riggs, and Tom Clark have conspired to create a policy of barring individuals who patently appear homeless from performing any of the following acts on the sidewalks of the Fourth Avenue Underpass: carrying or temporarily storing personal property; denying individuals the right to sit or lay down on sidewalks even when giving 5 feet of space for passersby; denying individuals the right to sleep on sidewalks even when giving 5 feet of space for passersby; prohibiting panhandling or begging on the sidewalks of the Fourth Avenue Underpass.

72). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber, Hayes, John Sedwick, Connie Lauth, Donna Difiore, Scott Cummings, Daniel Matlick, Lizzie Mead, Shannon Riggs, and Tom Clark have conspired to create a policy of barring individuals who patently appear homeless from performing the acts mentioned in ¶71 on the sidewalks of the Fourth Avenue Underpass to elevate concerns regarding the homeless by business owners and wealthy citizens—called "stake holders" by Defendants.

73). On information and belief, Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Gray, Weber, Hayes, John Sedwick, Connie Lauth, Donna Difiore, Scott Cummings, Daniel Matlick, Lizzie Mead, Shannon Riggs, and Tom Clark have conspired to create a

-23-

policy of barring individuals who patently appear homeless from performing the acts mentioned in ¶71 on the sidewalks of the Fourth Avenue Underpass for the sole purpose of encouraging indigent individuals currently living in the jurisdiction to leave the City of Tucson.

74). The acts, omissions, policies, customs, and/or practices of all Defendants are causing irreparable harm to Plaintiffs due to interference with and chilling of their Fourteenth Amendment fundamental right to travel and their First Amendment right to panhandle or beg on the sidewalks of the Fourth Avenue Underpass, for which they have no adequate remedy at law.

75). An actual and immediate controversy has arisen and now exists between Plaintiffs and Defendants regarding Plaintiffs' ability to exercise their Fourteenth Amendment fundamental right to travel and their First Amendment right to panhandle or beg while sitting or standing on the Fourth Avenue Underpass public right-of-ways. Plaintiffs are entitled to a declaration of rights with respect to this controversy. Without such a declaration, Plaintiffs will be uncertain of their rights and responsibilities under the law, and Defendants will be free to continue their application of a custom which bars individuals who patently appear homeless from performing any of the following acts on the sidewalks of the Fourth Avenue Underpass: carrying or temporarily storing personal property; denying individuals the right to sit or lay down on sidewalks even when giving 5 feet of space for passersby; denying individuals the right to sleep on sidewalks even when giving 5 feet of space for passersby; prohibiting panhandling or begging on the sidewalks of the Fourth Avenue Underpass.

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

### FIRST CAUSE OF ACTION

*Violation of the Fourteenth Amendment*
*Due Process Clause*
42 U.S.C. §1983

**(Against Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen, Dellinger, Hale)**

76). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

77). Defendants' actions described above in ¶¶ 48-61 violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution by denying Plaintiffs the due process of law and meaningful access to the courts.

78). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

79). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

### SECOND CAUSE OF ACTION

*Violation of the Fourteenth Amendment*
*Equal Protection Clause*
42 U.S.C. §1983

**(Against Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen, Dellinger, Hale, Gray, Weber and Hayes)**

80). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

-25-

81). Defendants' actions described above in ¶¶ 48-61 and ¶¶ 55-75 violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution by denying Plaintiffs the equal protection of the laws in violating the fundamental right to travel. Moreover, this discrimination clearly violates equal protection as Plaintiffs have been arbitrarily and irrationally treated differently from others similarly situated solely on the basis of their indigency, and no rational basis for the different treatment exists.

82). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

83). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## THIRD CAUSE OF ACTION

### *Violation of the Fourth Amendment*
### 42 U.S.C. §1983

**(Against Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen, Dellinger)**

84). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

85). Defendants' actions described above in ¶¶ 27-40 violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution by arresting Plaintiff Cooper without probable cause and failing to take action to protect Plaintiff's constitutional rights when advised of serious risk of violation.

-26-

86). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

87). The violation of Plaintiffs' Fourth Amendment rights occurred pursuant to a policy, custom, or practice, maintained by Defendant City of Tucson.

88). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## FOURTH CAUSE OF ACTION

### *Violation of the First Amendment*
### 42 U.S.C. §§1983, 1985(3)
### (Against All Defendants)

89). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

90). Defendants' actions described above in ¶¶ 27-47 and ¶¶ 71-75 violated Plaintiffs' rights under the First Amendment to the United States Constitution by infringement on and chilling of protected First Amendment activity and failing to take action to protect Plaintiff's constitutional rights when advised of serious risk of violation.

91). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

92). Defendants' have conspired to violate the First Amendment to the United States Constitution for the purpose of depriving homeless individuals in

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

the City of Tucson of the equal protection of the laws, or of equal treatment, privileges and immunities under the laws; and this discrimination is motivated by invidiously discriminatory animus to treat homeless individuals differently solely on the basis of their indigency, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1985(3).

93). The violation of Plaintiffs' First Amendment rights occurred pursuant to a policy, custom, or practice, maintained by Defendant City of Tucson.

94). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## FIFTH CAUSE OF ACTION

### *Violation of the Fourteenth Amendment*
### *Equal Protection Clause*
### 42 U.S.C. §§1983, 1985(3)

**(Against Defendants City of Tucson, Sharon Allen, Durkin, Gottschalk, Webb, Timpf, McNitt, Rizzi, Teague, Gross, Delma Allen, Dellinger, Hale, Gray, Weber, Hayes, Sedwick, Lauth, Difiore, Cummings, Matlick, Mead, Riggs, and Clark)**

95). Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

96). Defendants' actions described above in ¶¶ 71-75  violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution by denying Plaintiffs the equal protection of the laws in violating the fundamental right to travel. Moreover, this discrimination clearly violates equal protection as Plaintiffs have been arbitrarily and irrationally treated differently from others

-28-

similarly situated solely on the basis of their indigency, and no rational basis for the different treatment exists.

97). Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

98). Defendants' have conspired for the purpose of depriving homeless individuals in the City of Tucson of the equal protection of the laws, or of equal treatment, privileges and immunities under the laws; and this discrimination is motivated by invidiously discriminatory animus to treat homeless individuals differently solely on the basis of their indigency, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1985(3).

99). As a direct and proximate result of the unlawful actions of these Defendants, Plaintiffs have suffered emotional and economic harm.

## **PRAYER FOR RELIEF**

100). Plaintiffs therefore respectfully request that the Court enter a judgment including:

> (a). A declaratory judgment that Defendants' actions as described herein violated the First, Fourth and Fourteenth Amendments to the United States Constitution;

> (b). To the extent the Court finds that Defendants' conduct were authorized by a policy or regulation, a declaratory judgment that those policies or regulations are unconstitutional under the First, Fourth and

-29-

Fourteenth Amendments to the United States Constitution;

(c). A Permanent Injunction enjoining:

(i) The City of Tucson from application of laws making basic human functions such as sleeping, bathing, urinating and defecating in public a criminal offense to individuals who patently appear homeless without providing a public means for individuals without homes to comply with the law;

(ii) The City of Tucson from utilizing a blanket policy of mandatory imposition of pretrial release conditions zoning homeless pretrial releasees from the areas where they were previously arrested, or a policy of charging fees for *Brady* disclosures in criminal cases;

(iii) Mandating City officials to provide proper training and policy guidance concerning the applicability of the First Amendment to actions of government officials, and barring the City from defining First Amendment protections as applicable only to large groups of citizens engaged in what Defendants describe as "lawful demonstration, assembly, or protest";

(d). As to all Defendants, compensatory and punitive damages for violation of the laws and Constitution of the United States and State of Arizona, in an amount to be determined at trial by jury;

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(e). Reasonable fees and costs of suit; and

(f). Any other relief as may be just and proper.

There can only be justice for one, when it is there for all.

**RESPECTFULLY SUBMITTED** this 14th day of January, 2015.

_____
John Cooper, Jr.
*Pro Se* Plaintiff

_____
Jonathan McLane
*Pro Se* Plaintiff

Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **VERIFICATION**

We, the undersigned individuals proceeding *in propria persona*, pursuant to 28 U.S.C. § 1746 and Rule 80(i) of the Arizona Rules of Civil Procedure, do hereby declare under penalty of perjury that the factual statements made herein are based upon information personally known to us, are true to the best of our knowledge, and that we believe we are entitled to relief.

**DATED** this 14th day of January, 2015.

_____                    _____
John Cooper, Jr.                                    Jonathan McLane
*Pro Se* Plaintiff                                     *Pro Se* Plaintiff

-32-