Christopher E. Avery
Principal Assistant City Attorney for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ 85726-7210
Telephone: (520) 791-4221
Fax: (520) 791-4188
christopher.avery@tucsonaz.gov
State Bar No. 013744
*Attorneys for Defendants*

IN THE UNITED STATED DISTICT COURT

FOR THE DISTRICT OF ARIZONA

John Thomas Cooper, Jr.;
Jonathan McLane,

                Plaintiffs,

vs.

City of Tucson, *et al*.

                Defendants.

4:12-CV-208-TUC-DCB

**RESPONSE TO MOTION TO CONSOLIDATE RELATED CASES**

(Hon. David C. Bury)

     Acting *pro se*, Plaintiffs have filed in this Court a "Motion to Consolidate Related Cases," dated March 9, 2014. Defendants filed a Notice of Appeal from this Court's Order granting a preliminary injunction in this case on January 16, 2015, and it appears to be the law that, during the appeal, this Court retains only such jurisdiction—as recognized by prior case law and the express provisions of Rule 62(c) of the Federal Rules of Criminal Procedure—as necessary to oversee, clarify, or enforce the preliminary injunction.

     Defendants have been unable to find a case that considers whether a court has jurisdiction to consolidate a case while a preliminary injunction appeal is pending, but there is abundant *dicta* regarding the point that this Court retains only such jurisdiction as necessary to administer the preliminary injunction pursuant to Rule 62(c), or to preserve the status quo throughout the duration of the appeal. A notice of appeal normally transfers

{A0077185.DOCX/}

1

jurisdiction from the district court to the appeals court. *Mayweathers v. Newland*, 258 F. 3d 930, 935 (9th Cir. 2001); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). The district court's exercise of jurisdiction should not "materially alter the status of the case on appeal." *Mayweathers*, 258 F. 3d at 935 (quoting *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir.1982)).

> It is of course generally the rule that when an appeal is perfected the district court loses jurisdiction to take further action in the cause, but subdivision (c) of Rule 62 is an exception to that general rule and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court.

*United States v. El-O-Pathic Pharmacy*, 192 F. 2d 62, 79-80 (9th Cir. 1951) (citing *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177 (1922)). In addition, a district court may retain jurisdiction under specific statutory authority, an exception that does not apply to this motion to consolidate. *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982). This Court may also act to assist the court of appeals in the exercise of its jurisdiction, another exception that would not be applicable here. *Id.*; *see Securities & Exchange Comm'n v. Investors Security Corp.*, 560 F.2d 561, 568 (3d Cir. 1977).

The granting of the Motion to Consolidate the present case with another set of Plaintiffs' allegations would significantly alter the status quo of the present case, and would appear to be beyond this Court's jurisdiction at the present time.

. . .

. . .

. . .

## CONCLUSION

For the foregoing reasons, the City therefore respectfully requests that this Court stay Plaintiffs' Motion to Consolidate Related Cases until the current appeal in the Ninth Circuit has been resolved, at which point this Court will have clear jurisdiction to consider any pending matters related to the case.

DATED: March 24, 2015.

                                              MICHAEL G. RANKIN
                                              City Attorney


                                              By: /s/Christopher E. Avery
                                                     Christopher E. Avery
                                                     Principal Assistant City Attorney

I hereby certify that on March 24, 2015, I electronically transmitted Defendant City of Tucson's Response to Motion to Consolidate Related Cases to the Clerk's Office using the CM/ECF System for filing and sent a copy of this pleading by mail to the Plaintiffs' Attorney at the following address:

> Carl Sammartino
> SAMMARTINO LAW GROUP, P.L.L.C.
> 5240 East Pima Street, Suite 113
> Tucson, AZ 85712

By: /s/ Diana Grijalva

{A0077185.DOCX/}

4