Occupy Public Land                                    Occupy Public Land
3054 N. Edith Bvld.                                   3054 N. Edith Bvld.
Tucson, Ariz. 85716                                   Tucson, Ariz. 85716
John Thomas Cooper, Jr.                               Jon McLane
Executive Organizer                                   Chief Executive Organizer
Secretarial Working Group                             Field Outreach Working Group
E-Mail: southwestrecords@gmail.com                    E-Mail: jonathanmclane@yahoo.com
Phone: (520) 272-9070                                 Phone: (520) 329-9192

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JON MCLANE, et. al., | Case No.: 4:15-CV-13-JAS |
| Plaintiffs, vs. | |
| CITY OF TUCSON, et. al., | |
| Defendants. | |
| JOHN THOMAS COOPER, JR., AND JONATHAN MCLANE Plaintiffs, | Case No.: CV 12-208 TUC DCB (Lead Case) |
| vs. | Case No.: CV 12-781 TUC DCB (Consolidated) |
| CITY OF TUCSON, et. al., | |
| Defendants. | **REPLY TO RESPONSE TO MOTION TO CONSOLIDATE RELATED CASES** |

Plaintiffs have received Defendants Response to Plaintiff's Motion to Consolidate. In their Response, Defendants appear to contend that the interlocutory appeal Defendants filed challenging the Preliminary Injunction entered by the Court on December 22, 2014, somehow divests the Court of jurisdiction to order consolidation. Defendants assert:

> The granting of the Motion to Consolidate the present case with another set of Plaintiffs' allegations would significantly alter the status quo of the present case, and would appear to be beyond this Court's jurisdiction at the present time.

Response at p.2.

Once a notice of appeal is filed, the district court is divested of jurisdiction only as to the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir.1983); 20 James Wm. Moore, *Moore's Federal Practice*, § 303.32[1] (3d ed.2000). The principle of exclusive appellate jurisdiction is not, however, absolute. *Masalosalo*, 718 F.2d at 956; 20 Moore's § 303.32[2][b].

While Defendants are correct that "[t]he general rule is that an appeal to the circuit court deprives a district court of jurisdiction *as to any matters involved in the appeal*," *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir.1976) (emphasis added), Defendants are disillusioned to assert that consolidation of the above-captioned actions involve any matters currently being litigated in the appeal. Moreover, Defendants' arguments fail to account for the two actions each retaining their separate procedural postures. *See, e.g., Cablevision Sys. Dev. Co v. Motion Picture Ass'n of Am., Inc.*, 808 F.2d 133, 135 (D.C. Cir. 1987) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (quoting *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97

(1933)); *United States v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. 1974) (fact that cases are at different stages of the discovery process not a bar to consolidation).

Indeed, the appeal has nothing to do with the issues in the case sought to be consolidated; and Plaintiffs are at a loss as to what issues the Defense has in mind, as they utterly failed to cite even one issue which gives rise to the problems complained of in their Response. The mere assertion by counsel that facts exist without more does not constitute evidence—*Icelandic Coast Guard v. United Technologies Corp.*, 722 F. Supp. 942 (D. Conn. 1989) ("[m]ere conclusory allegations and denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact"); *Knight v. US Fire Ins. Co.*, 804 F. 2d 9 (2nd Cir. 1986) (a party may not "rely on mere speculation or conjecture as to the true nature of the facts"); *British Airways Bd. v. Boeing Co.*, 585 F. 2d 946 (9th Cir. 1978) ("legal memoranda and oral argument are not evidence"), *cert. denied*, 440 U.S. 981, 99 S. Ct. 1790, 60 L.Ed.2d 241 (1979)—and the Defense therefore must provide citation to some portion of the record which evinces that "matters involved in the appeal" prevent court-ordered consolidation. Absent such a citation, the Court should issue its Order consolidating the two cases for all purposes.

**RESPECTFULLY SUBMITTED** this 27th day of March, 2015.

_____
John Cooper, Jr.
*Pro Se* Plaintiff

_____
Jonathan McLane
*Pro Se* Plaintiff

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

| | |
|---|---|
| 1 | Copies of the forgoing delivered |
| 2 | This date to: |
| 3 | Carl Sammartino |
| 4 | Sammartino Law Group, P.L.L.C. |
| 5 | 5240 E. Pima Street, #113<br>Tucson, AZ 85712 |
| 6 | Attorney for Plaintiffs in *Cooper v. City of Tucson* |
| 7 | |
| 8 | Christopher E. Avery<br>Principal Assistant City Attorney for Michael G. Rankin |
| 9 | Tucson City Attorney |

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716