WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| John Thomas Cooper, Jr., and Jonathan McLane,<br><br>Plaintiffs,<br><br>v.<br><br>City of Tucson, et al.,<br><br>Defendants, | CV 12-208 TUC DCB (Lead Case)<br>CV 12-781 TUC DCB (Consolidated)<br><br>**O R D E R** |

The Court denies Plaintiffs' Motion to Consolidate Related Cases (Doc. 113).

Cases should be transferred and consolidated before a single district judge, whenever two or more cases are pending before different district judges which arise from substantially the same transaction or event; involve substantially the same parties or property; . . . call for determination of substantially the same questions of law; or for any other reason would entail substantial duplication of labor if heard by different district judges. Rules of Practice for the United States District Court, District of Arizona, Local Rule (LRCiv.) 1.2(g)(1).

Federal Rule of Civil Procedure 42(a) provides that courts may consolidate actions when such actions involve a common question of law or fact, or when consolidation may tend to avoid unnecessary costs or delay.

Both motions to transfer and consolidate are heard by the Judge with the lowest case number. LRCiv. 1.2(g). This Court, therefore, decides whether to transfer and consolidate a case filed by Plaintiffs Cooper and McLane, *pro se*, and assigned to the Honorable James A. Soto, CV 15-13 TUC JAS, with the already consolidated cases: CV 12-208 TUC DCB (lead) and CV 12-781 TUC DCB (consolidated), referred herein to as CV 12-208 TUC DCB.

In the cases pending before this Court, Plaintiffs challenge City park closure ordinances as precluding them, members of the Occupy Homelessness branch of Operation Occupy Public Land, from exercising their First Amendment rights in a city park, overnight. As alleged in the recently filed Third Amended Complaint (TAC), the Plaintiffs' First Amendment activities moved from the park to the sidewalk bordering the Veinte de Agosto (VDA) Park, with the City allegedly violating Plaintiffs' First Amendment rights to protest on the city sidewalks and harassing Plaintiffs in their use of the sidewalks to exercise First Amendment rights.

On December 22, 2014, the Court granted the Plaintiffs leave to file the TAC to add claims that Plaintiffs were being harassed when exercising their First Amendment rights on the sidewalk by being arrested and having their personal property seized, or being threatened with both. The Court allowed Plaintiffs to add specific instances when these alleged constitutional violations to the Fourth, Fifth, and Fourteenth Amendments occurred, which included arrests or threats of arrest on April 26 and June 21, 2012, September 17, October 1 and 2, 2013, and February 1, 2014, and threats or seizures of their personal property on January 24, 25, March 9, 12, and 16, 2014.

The Court applied Rule 15 of the Federal Rules of Civil Procedure, which provides for the Court to freely grant leave to amend after considering the following four factors, with all inferences made in favor of the moving party: (1) undue delay, (2) prejudice to the opposing party, (3) futility, and (4) bad faith. *Griggs v. Pace American Group*, Inc., 170 F.3d 877, 880 (9th Cir. 1999); *see also Forman*, 371 U.S. at 182 (listing "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" as relevant factors). Prejudice to the opposing party carries the greatest weight in the analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court allowed the amendment because in large part the Plaintiffs alleged supplemental claims occurring since they had filed the Second Amended Complaint on July 11, 2012. (Order (Doc. 90) at 4-5 (relying on Fed. R. Civ. P. R.15(d)).

The Court reasoned that Plaintiffs did not unduly delay seeking the amendment because Plaintiffs were appointed counsel to represent them *pro bono* in March, 2014, and the Motion for Leave to File the TAC was filed on May 16, 2014. *Id.* at 2. The Court limited the prejudice to Defendants by allowing only a limited extension of discovery in respect to the TAC, with discovery to end by March 16, 2015, dispositive motions due April 16, 2015, and the Proposed Pretrial Order due on May 15, 2015.

At the time of the amendment, discovery had ended and the parties had filed cross motions for summary judgment on the question of Tucson's park permit fee provision. The City had filed a motion for summary judgment challenging the Plaintiffs' standing to bring a claim against its sidewalk enforcement policy because the SAC failed to allege facts reflecting that Cooper or McLane were arrested. Subsequent to the TAC, the parties stipulated to the City's withdrawal of the Motion for Summary Judgment challenging Plaintiffs' standing.

At the same time the Court granted Plaintiffs' motion to file the TAC, it also granted a preliminary injunction against the City's application of the 3-B policy to preclude Plaintiffs' First Amendment activities while sitting or lying on the sidewalk at the VDA Park with more than a beverage, back pack, and blanket. On January 16, 2015, the City filed a Notice of Appeal.

In response to the Plaintiffs' motion to transfer and consolidate CV 15-13 TUC JAS, the City notes: "'In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" (Response (Doc. 117) at 2) (quoting *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)), *see also Mayweathers v. Newland*, 258 F. 3d 930, 935 (9th Cir. 2001). "The district court's exercise of jurisdiction should not "'materially alter the status of the case on appeal.'" *Id.* (quoting *Mayweathers*, 258 F. 3d at 935 (quoting *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir.1982)).

The interlocutory appeal is limited to the merits of the 3-B policy and does not reach the substance of the case as it relates to park ordinances or the threshold question of whether the Plaintiffs are exercising any First Amendment rights. The 3-B policy assumes Plaintiffs'

- 3 -

activities are speech and is proposed by the City to be a reasonable time, manner and place restriction on free speech. The Court does not believe the Motion to Consolidate involves aspects of the case on appeal, but does agree that granting consolidation would materially alter the status of the case: CV 12-208 TUC DCB. With consolidation, Plaintiffs appearing, *pro se*, in CV 15-13 TUC JAS will make an end-run around Rule 15 of the Federal Rules of Civil Procedure to add further allegations of specific instances of alleged harassment without filing a Fourth Amended Complaint in CV 12-208 TUC DCB. More importantly, consolidation will expand the case to include general allegations of discrimination against the homeless in violation of the Equal Protection Clause under the Fourteenth Amendment to the Constitution, whereas the TAC in CV 12-208 TUC DCB is solely a First Amendment case.

To the extent CV 15-13 TUC JAS is duplicative to CV 12-208 TUC DCB, it is subject to dismissal. "As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.'" *See Foster v. Arcata Associates*, 772 F.2d 1453, 1458 (9th Cir.1985) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). "[G]enerally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (quoting *Ridge Gold*, 572 F.Supp. at 1213 (citations omitted)).

A court may stay or dismiss a subsequent suit that duplicates a claim or claims already pending before another court under the "prior pending action doctrine." *Curtis v. Citibank*, 226 F.3d 133, 138 (2nd Cir. 2000). The rule against duplicative litigation, also referred to as "claim splitting," is the "'other action pending' facet of the *res judicata* doctrine.[1]" *Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir.1998). Claim splitting precludes a plaintiff from prosecuting a case piecemeal and requires a plaintiff to bring all claims arising out of a single wrong in one action. *Curtis*, 226 F.3d at 138–39. So, a claim is precluded that was or could have been

---

[1] Res judicata applies when a second suit is filed after a final adjudication of a first suit.

- 4 -

asserted, *id.* (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)), but a party is not barred from bringing claims in a subsequent action that could not have been included in the prior pending action, even if the claims are related, or arise out of, the previously filed claim, *id.* at 139 (citing *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1464 (2nd Cir. 1996) (explaining the crucial date is when the complaint was filed)).

In *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir.1977), the United States Court of Appeals for the Third Circuit held that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." The *Walton* case is instructive because the appellate court considered the consolidation of two cases to determine that plaintiffs were not entitled to a jury trial where the first case did not, but the second suit did, contain a jury demand.

The first suit in *Walton* was brought as a putative class action in which the plaintiff sought to represent a class of all black and female workers who had been subjected to race and/or sex discrimination by her employer. The second suit was brought while the first was still pending and alleged the same causes of action as the first suit but differed from the first because it was not brought as a class action and it contained a jury demand. The district court consolidated the two cases and held a non-jury trial. On appeal, the United States Court of Appeals for the Third Circuit considered whether the plaintiff was entitled to a jury trial. It began its analysis by noting that the second action was duplicative and, therefore, the district court could have dismissed or stayed the second proceedings until judgment was entered in the first. *Id.* at 69-70.

Either way, the plaintiff would have had no right to a jury trial. The court reasoned the district court was correct to impose the same outcome at trial even though the second suit had not been dismissed, because when the two suits were consolidated, the second complaint became essentially an amendment of the first and a waiver of a right to a jury cannot be revived by amending the original pleadings. *Id.* at 71. While approving the district court's discretion to consolidate the two cases, the appellate court cautioned that consolidation might be the "most administratively efficient procedure" in some cases but a district court must "carefully insure[

- 5 -

] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Id.* "In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. Proc. 15, and demand for trial by jury, Fed.R.Civ.P. 38." *Id.* at 2-3.

The *Walton* message is particularly meaningful, here, because the Plaintiffs are represented in CV 12-208 TUC DCB by counsel, and may not therefore "appear or act in [their] own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party." LRCiv. 83.3(c)(2). "The attorney who has appeared of record for any party shall represent such party in the cause and shall be recognized by the Court and by all the parties to the cause as having control of the client's case, in all proper ways, . . . ." LRCiv. 83.3(b). Like *Walton*, consolidation in this case is essentially an amendment of the TAC in CV 12-208 TUC DCB, and allows Plaintiffs, acting *pro se* in CV 15-13 TUC JAS, to essentially act *pro se* and control CV 12-208 TUC DCB, while represented by counsel.

In CV 15-13 TUC JAS, the allegations related to Plaintiffs' First Amendment activities at the VDA Park involve a July 1, 2014, incident. The motion to file the TAC was filed May 16, 2014. The Reply was filed on June 6, 2014. The motion remained pending, subject to being supplemented until December 22, 2014, when the Court granted it. The crucial date is when the TAC was filed, *SEC*, 101 F.3d at 1464, which was December 29, 2014.

The Complaint in CV 12-208 TUC DCB raises policy, custom, and practice challenges. (CV 15-13 TUC JAS, Complaint (Doc. 1) at ¶¶ 97, 101, 108.) To the extent the Plaintiffs attempt to raise duplicative claims in CV 15-13 TUC JAS, they are subject to dismissal or may be stayed pending resolution of CV 12-208 TUC DCB.

For the most part, the Complaint in CV 15-13 TUC JAS reaches beyond the TAC filed in CV 12-208 TUC DCB. Plaintiffs allege the Tucson City Court discriminates against homeless citizens by charging fees for discovery in criminal cases, *id.* ¶¶ 48-54, and by imposing pretrial release conditions that restrict their freedom to travel back to the area of arrest,

*id.* ¶¶55-61. Plaintiffs allege the City has enacted anti-homeless laws and ordinances that discriminate against the homeless, including laws that criminalize: performing basic human functions in public, restrict their right to travel, panhandling, storing personal property on the public sidewalks, or generally obstructing of the public sidewalks. *Id.* ¶¶ 62-75. Plaintiffs sue private citizens, members of the North Fifth Avenue Merchants Association, for conspiring to influence such policies. *Id.* ¶¶ 23, 71-73.

One test to determine whether a suit is duplicative of a prior filed suit is whether "the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit." *Curtis*, 226 F.3d at 139.

The threshold question in CV 12-208 TUC DCB is whether Plaintiffs' conduct is protected speech, and if it is, whether the City imposes an unreasonable restraint on First Amendment speech. (Order (Doc. 103) at 12-13 (citing *Spence v. Washington*, 418 U.S. 405, 409-11 (1974)). If Plaintiffs survive Defendants' threshold challenge, reasonable time, place, and manner restrictions are permissible, if they satisfy four criteria: "[1] that they are justified without reference to the content of the regulated speech, [2] that they are narrowly tailored to serve a significant governmental interest, and [3] that they leave open ample alternative channels for communication of the information." *Clark v. Cmty. for Creative Non–Violence*, 468 U.S. 288, 293 (1984).

In CV 13-15 TUC JAS, the Plaintiffs allege the City is preventing their equal access to the City courts, violating their right to be free to travel, and treating them differently from other citizens based on their homelessness. In CV 13-15 TUC JAS, Plaintiffs sue private citizens and City Court administrators in addition to the City administrators and police they named as Defendants in CV 12-208 TUC DCB. Neither the facts nor questions of law will be substantially similar between these two cases; they do not involve the same nucleus of facts, nor the same actors. The discovery which has been conducted and the limited discovery which remains in CV 12-208 TUC DCB would have to be substantially broadened to accommodate the new claims raised in CV 15-13 TUC JAS. There would be little economy to the courts to

consolidate the two, and there would be tremendous delay in resolving CV 12-208 TUC DCB, which has one pending ripe dispositive motion and another due shortly.

Except for duplicative claims which are subject to dismissal or a stay, the two cases do not involve common questions of law or fact, and consolidation would not tend to avoid unnecessary costs or delay. Fed. R. Civ. P. R. 42(a). The Court denies the Motion to Consolidate Related Cases.

**Accordingly,**

**IT IS ORDERED** that Plaintiffs' Motion to Consolidate Related Cases (Doc. Defendants' Motion to Transfer and Consolidate (document 113) is DENIED.

**IT IS FURTHER ORDERED** that a copy of this Order shall be provided to the Honorable James A. Soto.

DATED this 30th day of March, 2015.

David C. Bury
United States District Judge