**Occupy Public Land**　　　　　　　　　　　Occupy Public Land
**3054 N. Edith Bvld.**　　　　　　　　　　　3054 N. Edith Bvld.
**Tucson, Ariz. 85716**　　　　　　　　　　Tucson, Ariz. 85716
John Thomas Cooper, Jr.　　　　　　　　　　　　Jon McLane
Executive Organizer　　　　　　　　Chief Executive Organizer
Secretarial Working Group　　　　　Field Outreach Working Group
E-Mail: southwestrecords@gmail.com　　E-Mail: jonathanmclane@yahoo.com
Phone: (520) 272-9070　　　　　　　　　　　Phone: (520) 329-9192



FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 2 4 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JON MCLANE, et. al.,<br><br>　　　　Plaintiffs,<br>vs.<br><br>CITY OF TUCSON, et. al.,<br>　　　　Defendants. | Case No.: 4:15-CV-13-JAS<br><br>**REQUEST FOR ORDER<br>ON PENDING MOTIONS** |

Pursuant to Local Rule 7.2(l), Federal Rule of Civil Procedure 4(m), and 28 U.S.C. § 1915, Plaintiffs hereby request the Court to grant their pending Motion to Proceed *In Forma Pauperis* and to order the Marshall's Service to effect service of the Summons, Complaint and First Amended Complaint upon Defendants.

On January 14th, 2015, Plaintiffs filed this Complaint and a Motion to Proceed *In Forma Pauperis*. This Court, the Honorable James A. Soto, issued an Order on March 4th, stating in part:

> [A] review of the record reflects that the parties and subject matter substantially overlap with the ongoing litigation in *Cooper, et al.. v. City of Tucson, et al.*, CV 12-208 TUC DCB. Among other things, the plaintiffs and defendants are substantially the same people and entities, and the subject matter overlaps significantly.

-1-

Doc. #4 at p. 1.

Accordingly, the Court ordered Plaintiffs to "either show cause as to why this case should not be consolidated with *Cooper* or file simultaneous Motions to Consolidate in this Court and Judge Bury's Court in the pending litigation." Id.

In compliance with that order, on March 9th 2015, Plaintiffs filed a motion for consolidation with this Court and Judge Bury's Court. On March 30, 2015, Judge Bury denied that motion. The court held:

> In CV 13-15 TUC JAS, the Plaintiffs allege the City is preventing their equal access to the City courts, violating their right to be free to travel, and treating them differently from other citizens based on their homelessness. In CV 13-15 TUC JAS, Plaintiffs sue private citizens and City Court administrators in addition to the City administrators and police they named as Defendants in CV 12-208 TUC DCB. Neither the facts nor questions of law will be substantially similar between these two cases; they do not involve the same nucleus of facts, nor the same actors. The discovery which has been conducted and the limited discovery which remains in CV 12-208 TUC DCB would have to be substantially broadened to accommodate the new claims raised in CV 15-13 TUC JAS. There would be little economy to the courts to consolidate the two, and there would be tremendous delay in resolving CV 12-208 TUC DCB, which has one pending ripe dispositive motion and another due shortly.
>
> Except for duplicative claims which are subject to dismissal or a stay, the two cases do not involve common questions of law or fact, and consolidation would not tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). The Court denies the Motion to Consolidate Related Cases.

*Cooper v. City of Tucson*, No. CV 12-208 TUC DCB (D. Ariz. 2015) (Doc. #119 at pp. 7-8).

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

As there is no further basis for delay, and as Plaintiffs' motions have been pending for nearly 6 months[1], Plaintiffs respectfully request the Court to grant their pending motions.

**RESPECTFULLY SUBMITTED** this 24th day of June, 2015.

_____  _____
John Cooper, Jr.                       Jonathan McLane
*Pro Se* Plaintiff                     *Pro Se* Plaintiff

Copies of the forgoing delivered
This date to:

Carl Sammartino
Sammartino Law Group, P.L.L.C.
5240 E. Pima Street, #113
Tucson, AZ 85712
Attorney for Plaintiffs in *Cooper v. City of Tucson*

Christopher E. Avery
Principal Assistant City Attorney for Michael G. Rankin
Tucson City Attorney

---

[1] Plaintiffs note that Rule 4(m) of the Federal Rules of Civil Procedure allows the Court to extend the time for service when the failure to serve a defendant is of no fault of the Plaintiff. The Rule provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The provisions of the Rule are especially apt here, where the time limit has elapsed waiting for orders of the District Court.

-3-

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716