
**Occupy Public Land**
3054 N. Edith Bvld.
Tucson, Ariz. 85716
John Thomas Cooper, Jr.
Executive Organizer
Secretarial Working Group
E-Mail: southwestrecords@gmail.com Phone: (520) 818-8734
Jon McLane
Chief Executive Organizer
Field Outreach Working Group
E-Mail: jonathanmclane@yahoo.com Phone: (520) 329-9192

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JON MCLANE, et. al., | Case No.: 4:15-CV-13-JAS |
| Plaintiffs, | |
| vs. | **MOTION TO EXCEED PAGE LIMIT FOR MEMORANDUM OF LAW IN SUPPORT OF TEMPORARY RESTRAINING ORDER** |
| CITY OF TUCSON, et. al., | |
| Defendants. | |

Pursuant to Local Rule 7.2(e)(1), Plaintiffs hereby move the Court to grant this motion to exceed the page limitation for their Memorandum in Support of their Motion for Temporary Restraining Order and Preliminary Injunction. As grounds for this Motion, Plaintiffs state as follows:

Leave to file a brief in excess of the allowed pages should only be sought in exceptional circumstances. *United States v. Devine*, 768 F.2d 210 (7th Cir. 1985) (en banc) (noting that the page "limitation is a ceiling, not a floor, and a ceiling we rarely allow to be pierced"). Page limitations are important, not merely to regulate the Court's workload, *id.*; but also to encourage litigants to hone their arguments and to eliminate excessive verbiage. The page limit "induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480 (7th Cir. 1986). Overly long briefs may actually

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

hurt a party's case, making it "far more likely that meritorious arguments will be lost amid the mass of detail." *United States v. Keplinger*, 776 F.2d 678, 683 (7th Cir. 1985).

Here, good cause supports the request. The rule that an appellate court will not consider an argument raised for the first time on appeal is riddled with ambiguities. The Supreme Court made sure of that when it considered the issue and '[a]nnounced no general rule,' instead leaving it 'primarily to the discretion of the courts of appeals, to be exercised on the facts of the individual cases.' *Singleton v. Wulff*, 428 U.S. 106, 121 (1976).

There is no bright-line rule for determining whether an argument has been sufficiently raised below, and courts often attempt to explain sufficiency with generalities, noting that a party 'must press, not merely intimate, an argument,' *Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996), or that an argument cannot be raised in a 'perfunctory and underdeveloped' manner. *Kensington Rock Island L.P. v. American Eagle Historic Partners*, 921 F.2d 122, 124-25 (7th Cir. 1990).

But in general, the touchstone is whether the party sufficiently appraised the trial court of the argument it is pressing on appeal, so that the trial court had an opportunity to rule on it. See *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992); *Kensington*, 921 F.2d at 125 n.1. This stems from a policy of respecting the trial court's function as well as fairness to the parties.[1]

---

[1] Thus, a vague reference to an argument, without any legal reasoning, will be deemed waived. See, e.g., *Kensington*, 921 F.2d at 25. Similarly, merely citing a statute, case or other authority, without expressly articulating the argument that flows from those authorities, is inadequate if the argument was not considered by the trial court. See, e.g., *Peck v. Lansing School Dist.*, 148 F.3d 619, 626 (6th Cir. 1998). By contrast, consistent with the general principle that an appellate court can review any issue ruled on by the trial court, even a 'skeletal argument below' may be 'fleshed out and emphasized on appeal' where it is clear that the trial court recognized and considered the issue. *Bailey v. Int'l Bhd. of Boilermakers*, 175 F.3d 526, 529-30 (7th Cir. 1999).

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

Even within a single circuit, different panels have reached seemingly inconsistent results on the same issue. In *Michael-Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975), the court refused to consider an argument first raised on appeal that California law, rather than Washington law, should apply to determine whether attorney fees were recoverable, while a different panel in *Telco Leasing Inc.*, 630 F.2d 691, 693-94 (9th Cir. 1980), considered the very same argument—that California rather than Illinois law should apply to an attorney fees question—because it was purely a question of law and was obviously correct as a matter of law.

Although Plaintiffs' have attempted to streamline the Memorandum as much as possible, due to the complexities and the number of issues involved in this case, and the nature of how arguments must be presented to receive later review in the 9th Circuit, the Memorandum of Law in Support of the Temporary Restraining Order exceeds the page limit by nine (9) pages. Plaintiffs should not be penalized for presenting the Court with arguments concerning the violation of each constitutional right applicable to the issues before the Court, and should not be require to truncate those arguments to the point where appellate review is foreclosed. Moreover, Plaintiffs do not oppose the filing of an oversized response to their Motion for Order to Show Cause, for the same reasons stated in this Memorandum.

Finally, a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007) ("Ms. de Silva's briefs are difficult to understand; her arguments are illogically

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

presented and intellectually unfocused. Because Ms. de Silva appears here *pro se*, however, we have liberally construed her briefs and have tried to discern the kernel of the issues she wishes to present on appeal.") (Citing *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998)).

Accordingly, for the foregoing reasons, and based on the foregoing authorities, the Court should allow the filing of the Motion for Order to Show Cause in its current form.

**RESPECTFULLY SUBMITTED** this 29th day of June, 2015.


_____          _____
John Cooper, Jr.                                                    Jonathan McLane
*Pro Se* Plaintiff                                                       *Pro Se* Plaintiff


Copies of the forgoing delivered
This date to:

Carl Sammartino
Sammartino Law Group, P.L.L.C.
5240 E. Pima Street, #113
Tucson, AZ 85712
Attorney for Plaintiffs in *Cooper v. City of Tucson*

Christopher E. Avery
Principal Assistant City Attorney for Michael G. Rankin
Tucson City Attorney

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

presented and intellectually unfocused. Because Ms. de Silva appears here *pro se*, however, we have liberally construed her briefs and have tried to discern the kernel of the issues she wishes to present on appeal.") (Citing *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998)).

Accordingly, for the foregoing reasons, and based on the foregoing authorities, the Court should allow the filing of the Motion for Order to Show Cause in its current form.

RESPECTFULLY SUBMITTED this 29th day of June, 2015.

John Cooper, Jr.
*Pro Se* Plaintiff

Jonathan McLane
*Pro Se* Plaintiff

Copies of the forgoing delivered
This date to:

Carl Sammartino
Sammartino Law Group, P.L.L.C.
5240 E. Pima Street, #113
Tucson, AZ 85712
Attorney for Plaintiffs in *Cooper v. City of Tucson*

Christopher E. Avery
Principal Assistant City Attorney for Michael G. Rankin
Tucson City Attorney

-4-

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716