Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716
John Thomas Cooper, Jr.
Executive Organizer
Secretarial Working Group
E-Mail: southwestrecords@gmail.com
Phone: (520) 818-8734

Jon McLane
Chief Executive Organizer
Field Outreach Working Group
E-Mail: jonathanmclane@yahoo.com
Phone: (520) 329-9192



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JON MCLANE, et. al., | Case No.: 4:15-CV-13-JAS |
| Plaintiffs, | **PLAINTIFF'S RESPONSE TO** |
| vs. | **COURT'S BRIEFING REQUEST** |
| CITY OF TUCSON, et. al., | |
| Defendants. | |

Pursuant to the Court's June 30, 2015 Order, Plaintiffs hereby file this Response to the Court's Briefing Request and state as follows:

**I). Facts and Procedural History**

On July 1, 2014, Plaintiff McLane was accosted by two Tucson Parks officials at Veinte De Agosto Park (VDA) concerning signs he made protesting the actions of these officials, their treatment of the homeless population, and denigrating the officials themselves. *Plaintiff Cooper's Declaration in Support of Plaintiff's Response to Court's Briefing Request* at p.1; ¶1 (hereinafter *"Cooper's Declaration"*). While being videoed, these officials confiscated Plaintiff McLane's signs and threatened him with violence because they did not like the messages depicted on the signs. *Cooper's Declaration* at p. 2; ¶ 2.

On July 2, 2014, Plaintiff McLane notified Plaintiff Cooper of the incident and provided Plaintiff Cooper with a copy of the video. *Id.* at p. 2; ¶ 3. On July 3, 2014, in his capacity as Executive Organizer of Occupy Public Land's Secretarial Working Group, Plaintiff Cooper send an email to City officials and the lawyers for the litigants in *Cooper v. City of Tucson*. *Id.* at p. 2; ¶ 4. In the email, Plaintiff Cooper stated in part:

> Attached please find a copy of the video of several members of the Parks and Rec Dept. Harassing Jon McLane. These actions were illegal and a violation of the Federal Constitution. The City should take notice that the First Amendment protects "a significant amount of verbal criticism and challenge" directed at government and its officials. *City of Houston v. Hill*, 482 U.S. 451, 461 (1987). The City Officials depicted here failed to respect "the constitutional shield [that protects] criticism of official conduct." *New York Times Co. v. Sullivan*, 376 U.S. 254, 273, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
>
> You have ten days to take corrective action to insure this type of behavior is discontinued. If you fail to respond or to comply we will file an additional supplement with the United States District Court seeking further relief to prevent further acts of harassment.

*Id.*

On August 29, 2014, Plaintiff Cooper was arrested for Harassment and Disorderly conduct at VDA Park while attempting to stop the exact same Parks officials which previously confiscated Plaintiff McLane's signs from doing so again. *Id.* at p. 4; ¶ 6. After his release, Plaintiff Cooper called Mr. Sammartino and notified him of Plaintiff Cooper's intention to add the harassing incident of July 1, 2014, his arrest of August 29, 2014 if Plaintiff Cooper won at trial, and a failure to protect claim as the email notified government nearly two months in advance that the officials involved had a propensity to violate the constitution. *Cooper's Declaration* at p. 4; ¶ 7. Mr. Sammartino stated that he was not going to

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

add anymore claims to the *Cooper* case as "there has to be a limit" to the amount of claims he is required to maintain in Plaintiffs' behalf. *Id.* at p. 4; ¶ 8.

As Plaintiffs' were effectively barred from raising the issue with the Court in *Cooper* in light of the position of Mr. Sammartino, they took the only option available to them—file a new complaint to address the issues which Mr. Sammartino refused to address in *Cooper* to ensure the vindication of their constitutional rights. *Id.* at p. 5; ¶ 12.

On January 14th, 2015, Plaintiffs filed this Complaint and a Motion to Proceed *In Forma Pauperis*. This Court, the Honorable James A. Soto, issued an Order on March 4th, stating in part:

> [A] review of the record reflects that the parties and subject matter substantially overlap with the ongoing litigation in *Cooper, et al. v. City of Tucson, et al.*, CV 12-208 TUC DCB. Among other things, the plaintiffs and defendants are substantially the same people and entities, and the subject matter overlaps significantly.

Doc. #4 at p. 1.

Accordingly, the Court ordered Plaintiffs to "either show cause as to why this case should not be consolidated with Cooper or file simultaneous Motions to Consolidate in this Court and Judge Bury's Court in the pending litigation." Id.

In compliance with that order, on March 9th 2015, Plaintiffs filed a motion for consolidation with this Court and Judge Bury's Court. On March 30, 2015, Judge Bury denied that motion. The court held:

> The Court does not believe the Motion to Consolidate involves aspects of the case on appeal, but does agree that granting consolidation would materially alter the status of the case: CV 12-208 TUC DCB. With consolidation, Plaintiffs appearing, pro se, in CV 15-13 TUC JAS will make an end-run around Rule 15 of the Federal Rules of Civil Procedure to add further allegations of specific

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

instances of alleged harassment without filing a Fourth Amended Complaint in CV 12-208 TUC DCB. More importantly, consolidation will expand the case to include general allegations of discrimination against the homeless in violation of the Equal Protection Clause under the Fourteenth Amendment to the Constitution, whereas the TAC in CV 12-208 TUC DCB is solely a First Amendment case.

In CV 13-15 TUC JAS, the Plaintiffs allege the City is preventing their equal access to the City courts, violating their right to be free to travel, and treating them differently from other citizens based on their homelessness. In CV 13-15 TUC JAS, Plaintiffs sue private citizens and City Court administrators in addition to the City administrators and police they named as Defendants in CV 12-208 TUC DCB. Neither the facts nor questions of law will be substantially similar between these two cases; they do not involve the same nucleus of facts, nor the same actors. The discovery which has been conducted and the limited discovery which remains in CV 12- 208 TUC DCB would have to be substantially broadened to accommodate the new claims raised in CV 15-13 TUC JAS. There would be little economy to the courts to consolidate the two, and there would be tremendous delay in resolving CV 12-208 TUC DCB, which has one pending ripe dispositive motion and another due shortly.

[T]he Plaintiffs are represented in CV 12-208 TUC DCB by counsel, and may not therefore "appear or act in [their] own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party." LRCiv. 83.3(c)(2). "The attorney who has appeared of record for any party shall represent such party in the cause and shall be recognized by the Court and by all the parties to the cause as having control of the client's case, in all proper ways, . . . ." LRCiv. 83.3(b). Like Walton, consolidation in this case is essentially an amendment of the TAC in CV 12-208 TUC DCB, and allows Plaintiffs, acting pro se in CV 15-13 TUC JAS, to essentially act pro se and control CV 12-208 TUC DCB, while represented by counsel.

In CV 15-13 TUC JAS, the allegations related to Plaintiffs' First Amendment activities at the VDA Park involve a July 1, 2014,

-4-

incident. The motion to file the TAC was filed May 16, 2014. The Reply was filed on June 6, 2014. The motion remained pending, subject to being supplemented until December 22, 2014, when the Court granted it. The crucial date is when the TAC was filed, SEC, 101 F.3d at 1464, which was December 29, 2014.

The Complaint in CV 12-208 TUC DCB raises policy, custom, and practice challenges. (CV 15-13 TUC JAS, Complaint (Doc. 1) at ¶¶ 97, 101, 108.)... Except for duplicative claims which are subject to dismissal or a stay, the two cases do not involve common questions of law or fact, and consolidation would not tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). The Court denies the Motion to Consolidate Related Cases.

*Cooper v. City of Tucson*, No. CV 12-208 TUC DCB (D. Ariz. 2015) (Doc. #119 at pp. 6-8).

On June 30, 2015, in light of Judge Bury's Order stating that "[e]xcept for duplicative claims which are subject to dismissal or a stay, the two cases do not involve common questions of law or fact," this Court Ordered the parties to brief the Court on the following issues: (1) which claims, if any, should be dismissed because they overlap with issues presented in *Cooper*, and (2) whether the case should be stayed pending the resolution of issues in *Cooper*.

On July 2, 2015, Plaintiff Cooper called and again discussed the issue of this litigation with Mr. Sammartino. *Cooper's Declaration* at p. 4; ¶ 10. Plaintiff Cooper notified Mr. Sammartino of this Court's Order dated June 30, 2015, in which the Court ordered the parties in *McLane v. City of Tucson* to "file simultaneous briefs addressing" whether the prior pending action doctrine was applicable. *Id.* Plaintiff Cooper stated his intention to notify the Court of the conversations between Mr. Sammartino and himself and the fact that Mr. Sammartino unilaterally decided not to seek further amendment of the complaint in *Cooper*. *Id.* Mr. Sammartino reiterated his position that in *McLane* "you just

-5-

need to explain to the judge your position," and refused to provide the Court with a document stating his position and the course of events which led to the filing of *McLane*. *Id.* at p. 5; ¶ 11

II). Argument

**(1) Which Claims, if Any, Should Be Dismissed Because They Overlap With Issues Presented In *Cooper***

A. *The Affected Claims.*

The only claims subject to review here are those claims which the Court in *Cooper* pointed to as "duplicative." In its Order the Court pointed to claims connected to "Plaintiffs' First Amendment activities at the VDA Park involv[ing] a July 1, 2014, incident," and "policy, custom, and practice challenges" which may be "duplicative." Plaintiffs will construe this liberally to mean all claims advanced in paragraphs 27 to 47 of the Amended Complaint—affecting the Third and Fourth Causes of Action. The remainder of the suit is unaffected and may proceed to trial.

B. *Prior Pending Action Analysis.*

Under the prior pending action doctrine, a district court "may dismiss an action when a prior pending action has been filed as long as the controlling issues in the dismissed action will be determined in the other lawsuit.'" *Holliday v. City of Newington*, 2004 WL 717160 at *1 (D. Conn. Mar. 19, 2004) (citing Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure*, § 1360). The purpose of the doctrine is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Id.* (internal citation

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

omitted). The prior pending action doctrine provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Curcio v. Hartford Financial Services Group*, 472 F. Supp. 2d 239 (D. Conn. 2007) (citing *Adams v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)). In determining whether a claim is barred by the prior pending action doctrine, the court "may rely on a comparison of the pleadings filed in the two actions." *Id.*

Even if the doctrine applies, it is not mandatory that this Court defer to the prior action. The prior-pending-action doctrine derives from a court's inherent power to control its docket. *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) ("The court's authority to hear 'motions to stay and motions to dismiss because another action is pending' lies in the 'inherent power of a court to regulate actions pending before it.'" (quoting Charles A. Wright & Arthur R. Miller, *Fed. Practice and Procedure*, § 1360 (3d ed. & Supp. 2010))); *Universal Gypsum of Georgia, Inc. v. Am. Cyanamid Co.*, 390 F. Supp. 824, 825 (S.D.N.Y. 1975); cf. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). Thus, whether to apply the doctrine in a particular instance is a matter for the court's discretion. See *Highway Ins. Underwriters v. Nichols*, 85 F. Supp. 527, 529-30 (E.D. Okl. 1949).

To determine whether dismissal in favor of a prior pending action is appropriate, courts have considered a variety of factors. Many courts have looked

to the case of *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, which listed as criteria:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay [or dismissal].

390 F. Supp. at 827. See, e.g., *CBS, Inc. v. Tee Vee Records, Inc.*, 96 F.R.D. 163, 164, 165 (S.D.N.Y. 1982) (citing *Universal Gypsum*); *Modern Gas Sales v. Potlatch Corp.*, 1985 WL 17373, at *1 (M.D. Pa. Nov. 1, 1985) (same). Others have looked to the overlap of evidence, the risk of inconsistent judgment, principles of federalism, whether all parties can be joined in a single action, conservation of judicial resources, and the original plaintiff's choice of forum. See *Curcio*, 472 F. Supp. 2d at 243-44; *Bezerra v. Cnty. of Nassau*, 846 F. Supp. 214, 220-21 (E.D.N.Y. 1994); *Highway Ins. Underwriters*, 85 F. Supp. at 529; *Andy Stroud*, 2009 WL 539863, at *11 ("[T]he plaintiff's choice of the forum is given substantial weight and will not be disturbed unless the balance of factors weighs strongly in favor of another forum. However, in the prior pending action inquiry the plaintiff whose choice of forum is relevant is the original plaintiff—i.e., the plaintiff in the first-filed action." (internal citation omitted)).

When these factors are applied to the case now before the Court, it is clear that application of the doctrine is unwarranted. First, Plaintiffs were unable to file any documents before the *Cooper* Court as their attorney had refused and Court Rules prevent Plaintiffs from acting *pro se*. See *Cooper*, CV 12-208 TUC DCB (Doc. #119 at p. 7) ("[T]he Plaintiffs are represented in CV 12-208 TUC DCB by counsel, and may not therefore 'appear or act in [their] own behalf in the cause, or

-8-

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party.' LRCiv. 83.3(c)(2)); *Cooper's Declaration* at p. 4; ¶ 8 ("Mr. Sammartino stated that he was not going to add anymore claims to the *Cooper* case as "there has to be a limit" to the amount of claims he is required to maintain in my behalf"); *id.* at p.5; ¶ 12 ("Because I was effectively barred from raising the issue with the Court in *Cooper* in light of the position of Mr. Sammartino, I had no choice but to file a new complaint to address the issues which Mr. Sammartino refused to address in *Cooper* to ensure the vindication of our constitutional rights."). Plaintiffs were not provided a "full and fair opportunity" to litigate the claims or issues before the *Cooper* Court, and accordingly due process principles command that the Court allow the claims. Compare *Allen v. McCurry*, 449 U. S., at 95; *Montana v. United States*, 440 U. S. 147, 153 (1979); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U. S. 313, 328-329 (1971).[1] "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana v. United States, supra*, at 164, n. 11. Cf. *Gibson v. Berryhill*, 411 U. S. 564 (1973).[2]

---

[1] Plaintiffs note that it may have been improper for the *Cooper* Court to address the issue of prior pending action preclusion *sua sponte* as it invites due process violations. See, e.g., *Conti v. Murphy*, 23 Conn. App. 174, 178 (Conn. App. 1990) ("Although a court can dismiss a case at any time for lack of subject matter jurisdiction; *Park City Hospital v. Commission on Hospitals & Health Care*, 210 Conn. 697, 702, 556 A.2d 602 (1989); not all jurisdictional claims can be raised at any time by the court or the parties. *Bridgeport v. Debek*, 22 Conn. App. 517, 578 A.2d 150 (1990). It does not have the right to raise, *sua sponte*, the prior pending action rule when the moving party has not done so. *To do so would preclude the opposing party from any opportunity to argue that the doctrine does not apply.*") (Emphasis added).

[2] Compare *Cooper*, CV 12-208 TUC DCB (Doc. #119 at p. 6) ("a party is not barred from bringing claims in a subsequent action that could not have been included in the prior pending action, even if the claims are related, or arise out of, the previously filed claim").

-9-

Second, the prior pending action doctrine does not apply when the two actions are for different purposes or ends or involve different issues. See *Fishman v. Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 347-48, 494 A.2d 606, *cert. denied*, 197 Conn. 806, 499 A.2d 57 (1985); *Holliday v. City of Newington*, 2004 WL 717160 at *1 (D. Conn. Mar. 19, 2004) (district court may dismiss for prior pending action only if *"the controlling issues in the dismissed action will be determined in the other lawsuit"*) (internal quotation marks and citation omitted) (emphasis added).

When the two complaints are reviewed, there is almost nothing similar save for some of the City policy makers who would be sued as along as Plaintiffs allege the City violated their rights. The failure to protect and lack of policy claims—while based on the First Amendment—have no counterpart in the *Cooper* Complaint. Whether it was legal for the government to confiscate Plaintiff McLane's protest signs, arrest Plaintiff Cooper for pure speech, or maintain a custom of failing to act to protect the First Amendment rights of homeless people, depends deeply on an evaluation of the specific facts alleged in the *McLane* First Amended Complaint; the *Cooper* Complaint is totally devoid of factual allegations which mirror these claims. While these suits are clearly related, it cannot be said that the "controlling issues" in this action will of necessity "be determined in the other lawsuit." See *Holliday*, 2004 WL 717160 at *1.

As a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play. *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463-64 (2d Cir.1996). Thus, after the first suit is underway, if Defendants engage in actionable conduct, Plaintiffs may—but are not required to—file a supplemental pleading setting forth Defendants' subsequent conduct. Plaintiffs' failure to supplement the pleadings of their already commenced lawsuit will not

-10-

result in a pending action bar where they allege Defendants' later conduct as a cause of action in a second suit. *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997).

Accordingly, as adjudication of this action does not render it a "truly duplicative proceeding," *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980), Plaintiffs request the Court to allow the suit to go forward and to refuse to apply the pending action doctrine to Counts Three and Four of the Amended Complaint.

### (2) Whether the Case Should be Stayed Pending the Resolution of Issues in *Cooper*.

If the Court is inclined to deny Plaintiffs' request to refuse to apply the pending action doctrine to Counts Three and Four of the Amended Complaint, the question then is whether the claims should be stayed or dismissed. Generally, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the [first] case, for any reason, fails to resolve the matter in controversy." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995); *Samuels Grp.*, 697 F. Supp. 2d at 1057 ("A stay is preferred to dismissal in cases where there is a possibility that the parties will return to federal court." (internal quotation marks and citation omitted)); *Whitten Ranch, Inc.*, 2009 WL 1844482, at *4.

Under present circumstances, because the complaints do not present identical facts and issues and the *Cooper* Court's decision will not likely determine all issues presented to this Court, a stay only of the affected claims appears the most prudent course of action, in order to ensure that Plaintiff will have a forum in which to litigate Counts Three and Four of the Amended

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

Complaint. Accordingly, Plaintiffs request the Court to stay any claims to which it determines the prior pending action doctrine is applicable.

**RESPECTFULLY SUBMITTED** this 6th day of July, 2015.

_____  _____
John Cooper, Jr.                                    Jonathan McLane
*Pro Se* Plaintiff                                  *Pro Se* Plaintiff


Copies of the forgoing delivered
This date to:

Carl Sammartino
Sammartino Law Group, P.L.L.C.
5240 E. Pima Street, #113
Tucson, AZ 85712
**Attorney for Plaintiffs in *Cooper v. City of Tucson***

Christopher E. Avery
Principal Assistant City Attorney for Michael G. Rankin
**Tucson City Attorney**

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716