Occupy Public Land
3054 N. Edith Bvld.
Tucson, Ariz. 85716
John Thomas Cooper, Jr.
Executive Organizer
Secretarial Working Group
E-Mail: southwestrecords@gmail.com
Phone: (520) 818-8734

Jon McLane
Chief Executive Organizer
Field Outreach Working Group
E-Mail: jonathanmclane@yahoo.com
Phone: (520) 329-9192



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JON MCLANE, et. al., <br><br> Plaintiffs, <br> vs. <br><br> CITY OF TUCSON, et. al., <br><br> Defendants. | Case No.: 4:15-CV-13-JAS <br><br> **PLAINTIFF COOPER'S DECLARATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO COURT'S BRIEFING REQUEST** |

Plaintiff John Thomas Cooper, Jr., now comes before the Court and states the following in support of Plaintiff's Response to Court's Briefing Request.

I, John Thomas Cooper, Jr., of sound mind and based upon personal knowledge and information known to me, do declare and depose as follows:

1). On July 1, 2014, Jon McLane was accosted by two Tucson Parks officials at Veinte De Agosto Park (VDA) concerning signs he made protesting the actions of these officials, their treatment of the homeless population, and denigrating the officials themselves.

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

2). While being videoed, these officials confiscated Mr. McLane's signs and threatened him with violence because they did not like the messages depicted on the signs.

3). On July 2, 2014, Mr. McLane notified me of the incident and provided me a copy of the video.

4). On July 3, 2014, in my capacity as Executive Organizer of Occupy Public Land's Secretarial Working Group, I send an email to City officials and the lawyers for the litigants in *Cooper v. City of Tucson*. The email stated in its entirety:

> Attached please find a copy of the video of several members of the Parks and Rec Dept. Harassing Jon McLane. These actions were illegal and a violation of the Federal Constitution.
>
> The City should take notice that the First Amendment protects "a significant amount of verbal criticism and challenge" directed at government and its officials. *City of Houston v. Hill*, 482 U.S. 451, 461 (1987). "While an individual's critical comments may be provocative and challenging, they are nevertheless protected against censorship or punishment, unless shown to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Ford v. City of Yakima*, 706 F.3d 1188, 1192-93 (9th Cir. 2013) (quotations omitted); see also *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002) ("[C]riticism of government officials lies at the very core of speech protected by the First Amendment.").
>
> The City Officials depicted here failed to respect "the constitutional shield [that protects] criticism of official conduct." *New York Times Co. v. Sullivan*, 376 U.S. 254, 273, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). "[I]t is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions, and this opportunity is to be afforded for 'vigorous advocacy' no less

than 'abstract discussion.'" *Id.* at 269, 84 S.Ct. 710. In light of our "profound national commitment to the principle that debate on public issues shall be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials," *id.* at 270, 84 S.Ct. 710; the area of speech unprotected as fighting words is at its narrowest—if indeed it exists at all—with respect to prosecution for speech directed at public officials. See *Garrison v. Louisiana*, 379 U.S. 64, 73-74, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964) (holding that otherwise unprotected speech sometimes must be insulated from liability where the target is a public official "if the freedoms of expression are to have the breathing space that they need to survive") (citation and internal quotation marks omitted); *United States v. Poocha*, 259 F.3d 1077, 1082 (9th Cir.2001) (holding that clenching fists, sticking out chest, and yelling "f* * * you" to officer was not fighting words); *Buffkins v. City of Omaha*, 922 F.2d 465, 472 (8th Cir.1990) (holding that calling a police officer an "a* *hole" was protected speech); *L.A.T. v. Florida*, 650 So.2d 214, 215-18 (Fla.Dist.Ct.App.1995) (holding that words such as "You f* * *ing cops, what the h*ll do you think you're doing? You are full of bull sh*t" were not fighting words, and compiling fighting words cases); *State v. John W.*, 418 A.2d 1097, 1103, 1108 (Me.1980) (holding that "Hey, you f* * *ing pig, you f* * *ing kangaroo" did not constitute fighting words).

You have ten days to take corrective action to insure this type of behavior is discontinued. If you fail to respond or to comply we will file an additional supplement with the United States District Court seeking further relief to prevent further acts of harassment.

J. Thomas Cooper, Jr.
Executive Organizer
Occupy Public Land

5). Neither of the attorneys on the case responded to the email. Both attorneys clearly had notice that Mr. McLane and I intended to pursue any violation of our rights by City Government. This was made clear to Mr. Avery upon our first meeting and repeatedly throughout our acquaintance. And this was made clear to Mr. Sammartino upon our first meeting with him after his

-3-

appointment by the court. Nothing in the email suggested that our position had changed.

6). On August 29, 2014, I was arrested for Harassment and Disorderly conduct while attempting to stop the exact same Parks officials which previously confiscated Mr. McLane's signs from doing so again.

7). After my release I called Mr. Sammartino and notified him of my intention to add the harassing incident of July 1, 2014, my arrest of August 29, 2014 if I won at trial, and a failure to protect claim as the email notified government nearly two months in advance that the officials involved had a propensity to violate the constitution.

8). Mr. Sammartino stated that he was not going to add anymore claims to the *Cooper* case as "there has to be a limit" to the amount of claims he is required to maintain in my behalf.

9). On November 27, 2014, the Tucson City Court found me not guilty on all charges related to my arrest on August 29, 2014.

10). On July 2, 2015, I called and again discussed the issue of this litigation with Mr. Sammartino. I notified him of this Court's Order dated June 30, 2015, in which the Court ordered the parties in *McLane v. City of Tucson* to "file simultaneous briefs addressing" whether the prior pending action doctrine was applicable. I stated my intention to notify the Court of the conversations between Mr. Sammartino and myself and the fact that Mr. Sammartino unilaterally decided not to seek further amendment of the complaint in *Cooper*.

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

11). Mr. Sammartino reiterated his position that in *McLane* "you just need to explain to the judge your position," and refused to provide the Court with a document stating his position and the course of events which led to the filing of *McLane*.

12). Because I was effectively barred from raising the issue with the Court in *Cooper* in light of the position of Mr. Sammartino, I had no choice but to file a new complaint to address the issues which Mr. Sammartino refused to address in *Cooper* to ensure the vindication of our constitutional rights.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**RESPECTFULLY SUBMITTED** this 6th day of July, 2015.

By: /s/ John Thomas Cooper, Jr.
*Pro Se* Plaintiff

Copies of the forgoing delivered
This date to:

Carl Sammartino
Sammartino Law Group, P.L.L.C.
5240 E. Pima Street, #113
Tucson, AZ 85712
**Attorney for Plaintiffs in *Cooper v. City of Tucson***

Christopher E. Avery
Principal Assistant City Attorney for Michael G. Rankin
**Tucson City Attorney**

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716