Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716
John Thomas Cooper, Jr.
Executive Organizer
Secretarial Working Group
E-Mail: southwestrecords@gmail.com
Phone: (520) 818-8734

Jon McLane
Chief Executive Organizer
Field Outreach Working Group
E-Mail: jonathanmclane@yahoo.com
Phone: (520) 329-9192



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JON MCLANE, et. al., | Case No.: 4:15-CV-13-JAS |
| Plaintiffs, | **RESPONSE TO MOTION TO DISMISS** |
| vs. | |
| CITY OF TUCSON, et. al., | |
| Defendants. | |

Plaintiffs are in receipt of Defendant City's Motion to Dismiss. This Motion should be denied, and Defendant City Ordered to file a response on the merits of the Motion for Order to Show Cause.

Defendants argue, under Federal Rule of Civil Procedure 12(b)(5), that the case should be dismissed without prejudice because of Plaintiff's failure to serve them within the 120-day deadline set by Federal Rule of Civil Procedure 4. Rule 4 sets forth the requirements for properly serving a defendant. Fed. R. Civ. P. 4. Rule 4(m) provides that service of process shall be "made upon a defendant within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). A motion to dismiss pursuant to Rule 12(b)(5) asks the court to determine whether service of process on the defendant was sufficient. See Fed. R. Civ. P. 12(b)(5).

Rule 4(m)'s time period for service is not absolute. Under certain circumstances, a court may allow service to be made beyond that time frame. See Fed. R. Civ. P. 4(m) (stating that if service is not made within 120 days after the filing of the complaint, the court may direct that service be effected within a specified time). Even if good cause for an extension of time to effect service is not shown, courts have discretion to grant an extension of time beyond the 120-day period provided for in Rule 4(m). See Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (new subdivision (m) "explicitly provides that the court shall allow additional time if there is good cause" and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown"); see also *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (under Rule 4(m), courts have discretion to enlarge the 120-day period even if no good cause is shown).

Under Federal Rule of Civil Procedure 4(c)(2)(B)(i), a party proceeding *in forma pauperis* is entitled to have the summons and complaint served by the U.S. Marshal.[1] *Romandette v. Weetabix Co.*, 807 F.2d 309, 310 n. 1 (2nd Cir.1986); *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir.1987); *Mondy v. Secretary of*

---

[1] Federal Rule of Civil Procedure 4(c)(2)(B) provides:

A summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose, only—

(i) *on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915* ....

(ii) on behalf of the United States or an officer or agency of the United States, or

(iii) pursuant to an order issued by the court stating that a United States marshal or deputy United States marshal, or a person specially appointed for that purpose, is required to serve the summons and complaint in order that service be properly effected in that particular action.

Fed.R.Civ.P. 4(c)(2)(B) (emphasis added).

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

*the Army*, 845 F.2d 1051, 1053 (D.C.Cir.1988). Similarly, 28 U.S.C. § 1915(c) provides that in cases in which a court authorizes a plaintiff to proceed *in forma pauperis* the "officers of the court shall issue and serve all process." In *Davis v. Department of Corrections*, 446 F.2d 644 (9th Cir.1971), the Ninth Circuit held that the district court's dismissal of an action brought by a plaintiff proceeding *in forma pauperis* for failure to effect service was erroneous because under 28 U.S.C. § 1915(c), the officers of the court should have effected service. *Id.* at 645.

Significantly, the Advisory Committee Notes to subdivision (m) of Rule 4 also provide that the "district court should . . . take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." See Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989)).

The Court's responsibility to protect *pro se* plaintiffs clearly extends to the circumstances here. The delay attending the resolution of Plaintiff's IFP petition is precisely what the Advisory Committee Notes contemplate as a circumstance that justifies relief from the application of Rule 4(m)'s 120-day deadline. It is also the direct cause of the Motion to Dismiss now before the Court.[2]

---

[2] Plaintiffs note that City Defendants' claim that "Plaintiffs have never served the Tucson City Clerk—the statutory agent for the City of Tucson—with a copy of the Complaint or a subsequent Amended Complaint" is disingenuous at best. Motion to Dismiss at p. 1. In response to this Court's Order to Show Cause filed March 4, 2015 (Doc. #4); Plaintiffs' filed a Motion to Consolidate Cases (Doc. #6) and a First Amended Complaint (Doc. #5). Attached to the Motion was a copy of this Court's March 4, 2015 Order and the First Amended Complaint. *See* Doc. #6. Plaintiffs served a copy of the Motion to Consolidate Cases upon the Tucson City Clerk on March 10, 2015. In addition, Plaintiffs have repeatedly petitioned the Court to order the Marshal to effect service of the summons and Complaint. See, e.g., Doc. #20 at p. 2 ("the court should waive the fee requirement pursuant to 28 U.S.C § 1915(a), and issue an Order directing the United States Marshal Service to issue and serve process on Defendants without the prepayment of fees. 28 U.S.C § 1915(c)."); Doc. #11 at p.1 and p.3 n. 1 ("Pursuant to Local Rule 7.2(l), Federal Rule of Civil Procedure 4(m), and 28 U.S.C. § 1915, Plaintiffs hereby request the Court

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss, and Order City Defendants to file a response on the merits of the Motion for Order to Show Cause.

**RESPECTFULLY SUBMITTED** this 20th day of July, 2015.

_____
John Cooper, Jr.
*Pro Se* Plaintiff

_____
Jonathan McLane
*Pro Se* Plaintiff

Copies of the forgoing delivered
This date to:

Carl Sammartino
Sammartino Law Group, P.L.L.C.
5240 E. Pima Street, #113
Tucson, AZ 85712
**Attorney for Plaintiffs in *Cooper v. City of Tucson***

Christopher E. Avery
Principal Assistant City Attorney for Michael G. Rankin
**Tucson City Attorney**

---

to grant their pending Motion to Proceed *In Forma Pauperis* and to order the Marshall's Service to effect service of the Summons, Complaint and First Amended Complaint upon Defendants"; "Rule 4(m) of the Federal Rules of Civil Procedure allows the Court to extend the time for service when the failure to serve a defendant is of no fault of the Plaintiff. The provisions of the Rule are especially apt here, where the time limit has elapsed waiting for orders of the District Court."). The Rule 12(b)(5) Motion is premature as the Court has yet to rule on Plaintiffs' corrected Motion to Proceed *In Forma Pauperis* (Doc. #20). *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir.1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *Boudette v. Barnett*, 923 F.2d 754, 757 (9th Cir.1991); *Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) ("Rule 4 of the Federal Rules is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'") (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972)).

-4-

Occupy Public Land
3054 N. Edith Blvd.
Tucson, Ariz. 85716